IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINTON SHORTER,

    Plaintiff,                     No. CIV S-03-2359 LKK KJM P

    vs.

EDWARD ALAMEIDA, et al.,       ORDER AND

    Defendants.               FINDINGS & RECOMMENDATIONS

/

         Plaintiff is a state prison inmate proceeding pro se with an action under the federal Age Discrimination Act, 42 U.S.C. § 6101, et al.[1] He alleges that defendants offered a federally funded education program to inmates twenty five years old or younger, serving a term of five years or less, but denied similar educational opportunities to him, a forty-two year old inmate serving a life term, who has been directed by the Parole Board to seek academic and vocational programs and life skills. Amended Complaint (Am. Compl.) at 1-2[2] & Ex. 4.

/////

---

[1] Although plaintiff raised an equal protection challenge and a cause of action under California Penal Code section 4029 in his complaint, the court ordered it served as to the Age Discrimination Act claim only. Order of September 22, 2004. While plaintiff argues his equal protection challenge in response to defendants' motion, this claim is not before the court.

[2] Page cites to the complaint are to the pages attached to the form complaint.

1

Defendants have filed a motion to dismiss, alleging that plaintiff has not exhausted his administrative remedies as to the Age Discrimination Act claim and that defendants are entitled to qualified immunity.

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. <u>Alameida v. Wyatt</u>, 540 U.S. 810 (2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id</u>. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust administrative remedies, even in the non-prison context. <u>Id</u>. at 1119; <u>Beyene v. Coleman Sec. Services, Inc.</u>, 854 F.2d 1179, 1180 (9th Cir. 1988); <u>Ritza v. International Longshoremen's and Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam).

The Age Discrimination Act provides, in pertinent part:

(e) Injunctions; notice of violations; costs; conditions for actions

(1) When any interested person brings an action in any United States district court for the district in which the defendant is found or transacts business to enjoin a violation of this Act by any program or activity receiving Federal financial assistance, such interested person shall give notice by registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed. Such interested person may elect, by a demand for such relief in his complaint, to recover reasonable attorney's fees, in which case the court shall award the costs of suit, including a reasonable attorney's fee, to the prevailing plaintiff.

(2) The notice referred to in paragraph (1) shall state the nature of the alleged violation, the relief to be requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event that the plaintiff prevails. No action described in paragraph (1) shall be brought (A) if at the time the action is brought the same alleged violation by the same defendant is the subject of a pending action in any court of the United States; or (B) if administrative remedies have not been exhausted.

/////

      (f) Exhaustion of administrative remedies

      With respect to actions brought for relief based on an alleged violation of the provisions of this chapter, administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first.

42 U.S.C. § 6104.  If administrative remedies have not been exhausted, a complaint or portion of a complaint alleging a violation of the Age Discrimination Act must be dismissed. Brownscombe v. Department of Campus Parking, 203 F. Supp. 2d 479, 483 (D.Md. 2002).

      Defendants have alleged that plaintiff did not exhaust his remedies under the act, but have presented no documentation supporting their claim.  Mem. P. & A. in Supp. of Mot. to Dismiss (MTD) at 4-5.  Plaintiff, however, acknowledges he failed to follow the exhaustion procedures set forth in the Age Discrimination Act.  He notes that he wrote to the "Social Services Department," inquiring about funding or grant programs; the response from the Department of Education referred him to a publication, *The Student Guide*, for further information.  Opp'n at 1 & Ex. A.  The letter shows that plaintiff was seeking funding, not filing an administrative complaint as required by the act.

      As the Ninth Circuit has recognized, a prisoner's concession of failure to exhaust is a proper basis for dismissal.  Wyatt, 315 F.3d at 1120.  Plaintiff has admitted he failed to follow the appropriate procedures to exhaust the complaint he now raises.  He asks for a stay, however, to enable him to complete the necessary exhaustion.  The appropriate action, however, is dismissal.  Brownscombe, 203 F. Supp. 2d at 483; Popkins v. Zagel, 611 F. Supp. 809, 812 (C.D. Ill. 1985).

      IT IS HEREBY ORDERED that plaintiff's February 24, 2005 request for a stay is denied.

/////

1  IT IS HEREBY RECOMMENDED that defendants' motion to dismiss for failure
2  to exhaust administrative remedies be granted.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
5  days after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties. Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
8  shall be served and filed within five days after service of the objections. The parties are advised
9  that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: August 23, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

26 2/shor2359.57